NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIE C. DAVIS,

Plaintiff-Appellant,

v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS,

Defendant,

and

PETER GREEN; et al.,

Defendants-Appellees.

No. 18-35232

D.C. No. 3:16-cv-05146-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 12, 2019[**]

Before: LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Washington state prisoner Willie C. Davis appeals pro se from the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Davis did not exhaust his administrative remedies, and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing limited circumstances under which administrative remedies are effectively unavailable). We reject as meritless Davis's contention that the mishandling of his medical records affected his ability to exhaust available administrative remedies.

**AFFIRMED.**